UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INDEPENDENT FILM SOCIETY OF BOSTON, INC., <br><br> Plaintiff, <br><br> v. <br><br> PATRICK JEROME D/B/A BOSTON INTERNATIONAL FILM FESTIVAL, <br><br> Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION<br>NO. |

## COMPLAINT AND JURY DEMAND

Plaintiff Independent Film Society of Boston, Inc. ("IFSB" or "Plaintiff") complains and alleges as follows:

## INTRODUCTION

1.     This is an action at law and in equity for breach of contract, breach of the covenant of good faith and fair dealing, trademark infringement, false designation of origin, unfair competition, and unfair and deceptive business practices arising under the Trademark Act of 1946, 15 U.S.C. § 1051 *et seq.* (the "Lanham Act"), Chapter 93A of the Massachusetts General Laws, and the common law of Massachusetts.

## PARTIES

2.     Plaintiff Independent Film Society of Boston, Inc. is a not-for-profit corporation duly organized under the laws of Massachusetts, with its principal place of business in Somerville, Massachusetts.

3.     Upon information and belief, defendant Patrick Jerome, d/b/a Boston International Film Festival ("BIFF"), is a resident of Boston, Massachusetts.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, and 1367.

5.      Upon information and belief, personal jurisdiction over BIFF is established pursuant to at least the following:

      (a)     Mass. Gen. Laws c. 223A, § 2 based on BIFF being domiciled in, and/or maintaining its principal place of business in, this Commonwealth; and/or

      (b)     Mass. Gen. Laws c. 223A, § 3(a) based on the continuous and systematic activity, and purposeful availment, of BIFF, directly and/or through any agent, in this Commonwealth; and/or Plaintiff's claims arising, in part or in whole, from BIFF's transaction of business, directly and/or through any agent, in this Commonwealth; and/or

      (c)     Mass. Gen. Laws c. 223A, § 3(d) in that BIFF caused tortious injury in this Commonwealth by an act or omission outside this Commonwealth and, directly and/or through any agent, regularly does or solicits business, and engages in other persistent course of conduct in this Commonwealth, and, directly and/or through any agent, derives substantial revenue from goods used or services rendered in this Commonwealth.

6.      Venue is proper in this district under 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

### *Independent Film Society of Boston*

7.      IFSB is a not-for-profit corporation based in Somerville, Massachusetts.

8.      In 2003, IFSB created the Independent Film Festival Boston ("IFF Boston"), a not-for-profit film festival in Boston.

9.       Taking place each spring in the Boston area's historic independent art-house cinemas, IFF Boston screens over 100 films, and hosts multiple panels and parties.

10.      IFF Boston also maintains a year-round presence through its Screening Series and Fall Focus mini-festival.

11.      IFF Boston was named Boston Society of Film Critics top five film series in 2003, named "Best Film Festival" in Boston Magazine's 2016 annual "Best of Boston" issue, and has received numerous "Best Film Festival" awards from the editors and readers of The Boston Phoenix, Dig Boston, and Boston's A-List.

12.      IFF Boston has also received a commendation from the prestigious Boston Society of Film Critics.

### *The IFF BOSTON Marks*

13.      IFSB has been using the marks IFF BOSTON, IFFBOSTON, and IFFB (the "IFF BOSTON Marks") in connection with its film festival since 2003, including in connection with its website (www.iffboston.org), Twitter handle (@IFFBoston) and Facebook page (https://www.facebook.com/iffboston/), and Plaintiff has thereby developed widespread recognition of, and substantial rights in, these marks.

14.     The IFF BOSTON Marks are non-functional and the public recognizes and understands that the IFF BOSTON Marks distinguish and identify goods and services produced or sponsored by Plaintiff.

15.     For several years, Plaintiff has extensively and continuously used and promoted the IFF BOSTON Marks in connection with its film festival and related services.

16.     Plaintiff has expended great effort in making the IFF BOSTON Marks well-known to the public.   Plaintiff has established a reputation for excellence, quality and reliability in connection with the film festival and related services that it provides in conjunction with the IFF BOSTON Marks.

17.     As a result of Plaintiff's efforts and expenditures, and as a result of Plaintiff's superior reputation, Plaintiff enjoys virtually universal recognition of the IFF BOSTON Marks in connection with its film festival and related services.

18.     The IFF BOSTON Marks have become well-known and are recognizable to the public as being associated with the goods and services provided by or affiliated with Plaintiff.

### *BIFF's Unlawful Conduct*

19.     Upon information and belief, BIFF is a film festival in Boston, Massachusetts that was created in 2003 by Patrick Jerome.

20.     Upon information and belief, between 2003 and 2008, BIFF held its annual festival in the summer, several weeks after the IFF Boston was held each year in the spring.

21.     In or around 2009, BIFF changed the date of its festival from June to April, thus coinciding within a week or two of the IFF Boston.

22.    Since then, BIFF has kept its festival in close proximity to the date for the IFF Boston.

23.    In 2015, Plaintiff learned that BIFF had begun promoting its festival using the marks BOSTON IFF and BOSTONIFF (the "BOSTON IFF Marks"), marks remarkably similar to the IFF BOSTON Marks.

24.    Plaintiff also understands that around that same time BIFF moved away from its website at www.bifilmfestival.com and began using the website www.bostoniff.org.

25.    BIFF further began promoting its festival using the BOSTON IFF Marks on social media websites.

26.    Although Plaintiff had concerns about BIFF marketing its festival with the BOSTON IFF Marks, it did not contact BIFF right away.  Rather, it waited to see if any filmmakers or other members of the public were confused by BIFF's name change.

27.    Not surprisingly, and exacerbated by the close proximity in dates between the festivals, the public was confused by the name change.  For example, in addition to numerous people tagging the incorrect Twitter handle when tweeting about the IFF Boston and Boston IFF Festivals, several film producers and/or directors mistakenly submitted their movies to BIFF thinking that it was the IFF Boston because of the nearly identical Boston IFF name.

28.    Indeed, indicative of confusion *within* BIFF itself, in 2015, BIFF retweeted a tweet by Alexie Gilmore, lead actress in "Willow Creek" (a movie that premiered at IFF Boston), which she mistakenly tagged with the @bostoniff handle.  Thus, using the handle @bostoniff, BIFF tweeted a picture promoting a film that premiered at IFF Boston.

29.     BIFF and the goods and services marketed, sold, distributed, and offered for sale by BIFF in connection with confusingly similar imitations of the IFF BOSTON Marks were not (and are not) associated with or connected to Plaintiff, nor licensed, authorized, sponsored, endorsed, or approved by Plaintiff in any way.

30.     Film directors, producers, actors and actresses, as well as purchasers, prospective purchasers and others viewing BIFF's confusingly similar imitations of the IFF BOSTON Marks in connection with BIFF's goods and services were likely (and are likely) to mistakenly attribute the goods and services to Plaintiff.  BIFF's activities have caused confusion and are likely to continue to cause confusion before, during, and after the time of purchase or use of BIFF's goods and services.  This is particularly damaging with respect to those persons who may perceive a defect or lack of quality in BIFF's reputation, products, or services.  By causing such a likelihood of confusion, mistake, and deception, BIFF inflicted (and is inflicting) irreparable harm to Plaintiff's goodwill in the IFF BOSTON Marks, and the reputation for quality and excellence that they embody.

31.     On information and belief, BIFF knowingly, willfully and intentionally used (and is using) the IFF BOSTON Marks to trade on the goodwill symbolized by the IFF BOSTON Marks and the reputation for quality and excellence that they embody.

32.     Upon information and belief, BIFF deliberately employed (and is deliberately employing) the BOSTON IFF Marks to mislead and confuse consumers into believing that BIFF's goods and services are endorsed, sponsored, affiliated with, licensed or approved by Plaintiff.

33.     BIFF thus unfairly benefited (and is unfairly benefiting) from the goodwill and excellent reputation of the IFF BOSTON Marks established by Plaintiff throughout the New England area and elsewhere at great effort and expense.

34.     BIFF was not then, is not now, and has never been, authorized by Plaintiff to use the IFF BOSTON Marks in connection with any goods or services, nor has Plaintiff consented to any such use.

***Plaintiff Takes Legal Action To Stop BIFF's Unlawful Conduct***

35.     Hoping to resolve Plaintiff's concerns short of litigation, Plaintiff's Executive Director Brian Tamm contacted Patrick Jerome on multiple occasions, but BIFF refused to cease its unlawful conduct.

36.     Again hoping to resolve Plaintiff's concerns short of litigation, Plaintiff's counsel sent a cease and desist letter to BIFF on July 8, 2016.  BIFF failed to respond to the letter.

37.     On August 27, 2016, Plaintiff filed a complaint for trademark infringement, false designation of origin, unfair competition, and unfair and deceptive business practices arising under Lanham Act, Chapter 93A of the Massachusetts General Laws, and the common law of Massachusetts.

38.     In its Answer to the Complaint, BIFF alleged that it had priority in the mark BOSTON IFF that predates Plaintiff's use of IFF BOSTON.

39.     Indicative of BIFF's bad faith conduct, in attempting to prove its alleged priority, BIFF, on information and belief, fabricated evidence by electronically overlaying the text BOSTON IFF over several BIFF promotional materials, which did not originally include the mark BOSTON IFF.  A representative example is provided below:

**BIFF's Alleged Evidence
of Priority**



**Original BIFF Evidence with
Overlayed Text Removed**



**Overlayed Text Removed
from BIFF's "Evidence"**



40.     At the Court's initial scheduling conference, the Court referred the parties to the Court's ADR program, and the parties mediated the dispute before Magistrate Judge Bowler on March 15, 2017.

41.     The parties successfully negotiated the terms of a settlement agreement at the settlement conference, and the parties thereafter memorialized the terms in a Settlement Agreement dated May 8, 2017 (the "Settlement Agreement").

***BIFF Breaches The Settlement Agreement***

42.     Paragraph 2(a) of the Settlement Agreement requires that BIFF permanently cease use of the BOSTON IFF Marks (and/or any variants or similar names or marks) in ***the text of any webpage***, social media page (including hashtags), advertising materials, or the like.

43.     Following execution of the Settlement Agreement, in breach of the Settlement Agreement and consistent with BIFF's pattern of bad faith misconduct, BIFF failed to remove repeated uses of "Boston IFF" throughout BIFF's website.  Representative examples of those repeated uses are below:



http://www.bostoniff.com/ (bottom of page of every bostoniff.com webpage).

9



http://www.bostoniff.com/.



http://www.bostoniff.com/ (on "Attend" drop down menu on every bostoniff.com webpage).



http://www.bostoniff.com/attend/bifilmfestival-schedule/#.

44.    Paragraph 3 of the Agreement requires that BIFF cease use of bostoniff.org as

its primary domain name and instead use bostoniff.com as its primary domain name and

redirect traffic from other domain names it owns to that bostoniff.com.  BIFF promptly did

that with bostoniff.org (i.e., bostoniff.org redirects to bostoniff.com), but, in breach of the

Settlement Agreement, bifilmfestival.com still redirected to bostoniff.org.

45.     Paragraph 4 of the Agreement requires that BIFF add to its home page ***and to***

***any*** *submission forms for its festival*, a **noticeable disclaimer** that reads: "Neither the

Boston International Film Festival nor Patrick Jerome are in any way sponsored, endorsed,

approved by, associated with, or otherwise in any way affiliated with IFFBoston,

Independent Film Festival Boston, or the Independent Film Society of Boston."

46.     BIFF includes the disclaimer on the bostoniff.com website and on the BIFF

Film Submission webpage (albeit in a "comment" and therefore not very "noticeable")

(http://www.bostoniff.com/portfolio-view/film-submissions/), but, in breach of the

Settlement Agreement and consistent with BIFF's pattern of bad faith

misconduct, BIFF does not include the disclaimer on the submission forms

themselves (http://www.bostoniff.com/wp-content/uploads/2012/07/BIFF-2018-Entry-

Form.pdf and http://www.bostoniff.com/wp-content/uploads/2012/07/BIFF-SPC-Entry-

Form.pdf) or on the portal websites where submissions can be made (https://filmfreeway.co

m/festival/BostonInternationalFilmFestival and

https://www.withoutabox.com/03film/03t_fin/03t_fin_fest_01over.php?festival_id=3804).

47.     On August 24, 2017, Plaintiff sent a cease and desist letter to BIFF, notifying

it of these blatant breaches of the Settlement Agreement and requesting immediate action to

address the breaches.

48.     On August 28, 2017, BIFF responded to Plaintiff's August 24th letter, and

denied any breach but nevertheless addressed certain (but not all) of Plaintiff's concerns.

49.     Specifically, BIFF (i) changed all of the uses of BOSTONIFF to BOSTONINTERIFF (except one noticeable use, described below) and (ii) redirected bifilmfestival.com to bostoniff.com.

50.     BIFF, however, has not added disclaimer language to any of BIFF's submission forms.

51.     The Settlement Agreement expressly states that BIFF must "add to its home page and to any submission forms for its festival a noticeable disclaimer …" (Settlement Agreement at §4(a)).  The Settlement Agreement does not limit the disclaimer to BIFF's "submission page" alone.  It extends to "any submission forms."

52.     The following webpages include "submission forms" for BIFF's festival: http://www.bostoniff.com/wp-content/uploads/2012/07/BIFF-2018-Entry-Form.pdf; http://www.bostoniff.com/wp-content/uploads/2012/07/BIFF-SPC-Entry-Form.pdf; https://filmfreeway.com/festival/BostonInternationalFilmFestival and https://www.withoutabox.com/03film/03t_fin/03t_fin_fest_01over.php?festival_id=3804. BIFF's failure to include a disclaimer on these pages is a breach of the Settlement Agreement.

53.     BIFF also did not change the banner in the background of the "Attend" page, which still has "#BostonIFF" (http://www.bostoniff.com/attend/bifilmfestival-schedule/#).

54.     The Settlement Agreement expressly states that BIFF must "permanently cease use of the BOSTON IFF Marks (and/or any variants or similar names or marks) in the text of any webpage, social media page (including hashtags), advertising materials, or the like" (Settlement Agreement at §2(a)).

55.     BIFF's continued use of "#BostonIFF" in an image on the Schedule Page is a violation of §2(a).

56.     Additionally, in initially responding to Plaintiff's cease and desist letter regarding the breaches of the Settlement Agreement, BIFF revealed another breach.   Mr. Jerome's signature block identifies his email as "info@bostoniff.org" and his website as www.bostoniff.org.   An image of Mr. Jerome's email signature block is depicted below:



57.     The website should be identified as "www.bostoniff.com" and per the terms of the Settlement Agreement, BIFF agreed "to permanently refrain from use of the BOSTON IFF Marks (and/or any variants or similar names or marks) as any portion of its email address, or as any portion of the email addresses used by its officers, agents, servants, or employees."  (Settlement Agreement at §3).

58.     On information and belief, BIFF is using "bostoniff.org" as its email domain in violation of the Settlement Agreement.

59.     Additionally, BIFF's continued use of its BOSTON IFF Marks in violation of the Settlement Agreement are likely to cause confusion and cause harm to Plaintiff for the reasons explained above regarding BIFF's unlawful conduct before Plaintiff filed its initial Complaint against BIFF.

60.     Paragraph 15 of the Settlement Agreement provides that "the prevailing party in any action to enforce this Agreement shall be entitled to recover its reasonable attorneys' fees and costs from the other party/parties."

61.     In light of BIFF's breaches of the Settlement Agreement, Plaintiff is entitled to its attorneys' fees.

## COUNT I
### (Breach of Contract)

62.     Plaintiff repeats the allegations in each of the above paragraphs as if fully re-alleged herein.

63.     The Settlement Agreement is a valid and enforceable contract supported by good and adequate consideration.

64.     BIFF, by its above-described conduct, has committed material breaches of the the Settlement Agreement.

65.     Plaintiff has not been in breach of the Settlement Agreement at any time.

66.     As a result of BIFF's conduct, Plaintiff has been harmed, and that harm is ongoing.

## COUNT II
### (Breach of the Covenant of Good Faith and Fair Dealing)

67.     Plaintiff repeats the allegations in each of the above paragraphs as if fully re-alleged herein.

68.     The Settlement Agreement is a valid and enforceable contract supported by good and adequate consideration.

69.     BIFF is bound by the implied covenant of good faith and fair dealing in the Settlement Agreement, which is an implied term of all contracts in Massachusetts as a matter of law.

70.     By and through the conduct described herein, BIFF has violated that covenant in the Settlement Agreement.

71.     As a direct and proximate result of BIFF's actions, Plaintiff has suffered and continues to suffer damages.

## COUNT III
**(Federal Unfair Competition, Trademark Infringement, and False Designation of Origin - Lanham Act § 43(a))**

72.     Plaintiff repeats the allegations in each of the above paragraphs as if fully re-alleged herein.

73.     Through extensive use of the IFF BOSTON Marks for several years, Plaintiff has developed extensive goodwill rights in said marks, which goodwill is protected by, *inter alia*, Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

74.     BIFF's continued use of the BOSTON IFF Marks after execution of the Settlement Agreement has caused and/or is likely to cause confusion, deception, and mistake by creating the false and misleading impression that BIFF's goods and services are associated or connected with Plaintiff, or have the sponsorship, endorsement, or approval of Plaintiff.

75.     After execution of the Settlement Agreement, BIFF has made false representations, false descriptions, and false designations of origin of their goods and services in violation of 15 U.S.C. § 1125(a), and BIFF's activities have caused and, unless enjoined by this court, will continue to cause a likelihood of confusion and deception of members of the public and, additionally, injury to Plaintiff's goodwill and reputation as embodied in the IFF BOSTON Marks, for which Plaintiff has no adequate remedy at law.

76.     BIFF's actions after execution of the Settlement Agreement demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the IFF BOSTON Marks to the great and irreparable injury to Plaintiff.

77.     BIFF's conduct after execution of the Settlement Agreement has caused, and is likely to continue causing, substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover BIFF's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1114, 1116 and 1117.

## COUNT IV
**(Common Law Unfair Competition and Trademark Infringement)**

78.     Plaintiff repeats the allegations in each of the above paragraphs as if fully re-alleged herein.

79.     For many years, Plaintiff has made exclusive use of the IFF BOSTON Marks in connection with its film festival and related services.

80.     The IFF BOSTON Marks are unique and distinctive.

81.     Both Plaintiff and BIFF are engaged in trade and commerce in the Commonwealth of Massachusetts.

82.     BIFF's continued use of the BOSTON IFF Marks after execution of the Settlement Agreement has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that BIFF's goods and services have the sponsorship, endorsement, or approval of Plaintiff.

83.     BIFF, by virtue of its acts as alleged above, has willfully, knowingly, maliciously and intentionally engaged in acts of unfair competition under the common law of the Commonwealth of Massachusetts.

84.     BIFF's conduct has caused, and if not enjoined, will continue to cause irreparable damage to Plaintiff in a manner that cannot be calculated or compensated in money damages.  Plaintiff has no adequate remedy at law.

85.     As a result of BIFF's acts, Plaintiff has been damaged in an amount not as yet determined or ascertainable.  At a minimum, however, Plaintiff is entitled to injunctive relief, to an accounting of BIFF's profits, to damages, and to costs.

86.     BIFF's conduct as described above has been willful, wanton, reckless, and in violation of the rights of Plaintiff.  In light of the deliberate and malicious continued use of the confusingly similar BOSTON IFF Marks after execution of the Settlement Agreement, and the need to deter BIFF from similar conduct in the future, Plaintiff additionally is entitled to punitive damages.

## COUNT V
### (Violation of M.G.L. c. 93A)

87.     Plaintiff repeats the allegations in each of the above paragraphs as if fully re-alleged herein.

88.     At all times relevant hereto, BIFF was engaged in trade or commerce within the meaning of M.G.L. c. 93A, §§ 2, 9.

89.     BIFF's conduct, as described above, constitutes unfair and deceptive acts or practices within the meaning of M.G.L. c. 93A, §§ 2, 9.

90.     BIFF committed its unfair and deceptive acts and practices knowingly and willfully.

91.     BIFF's unfair and deceptive conduct occurred primarily and substantially within the Commonwealth of Massachusetts.

92.     As a result of BIFF's unfair and deceptive conduct, Plaintiff has suffered, and continues to suffer, injury.

**WHEREFORE**, Plaintiff respectfully prays for an order and judgment from this Court that:

A.    BIFF, by its continued use of the BOSTON IFF Marks and bostoniff.org domain and its failure to add a noticeable disclaimer to all of BIFF's submission forms, breached the Settlement Agreement and covenant of good faith and fair dealing in that Agreement;

B.    BIFF, by its adoption and continued usage of the BOSTON IFF Marks, has infringed Plaintiff's trademark rights in the IFF BOSTON Marks and intentionally and willfully committed unfair competition in violation of 15 U.S.C. § 1125(a).

C.    BIFF, by its adoption and continued usage of the BOSTON IFF Marks, has infringed Plaintiff's common law rights to the IFF BOSTON Marks and has committed common law trademark infringement.

D.    BIFF, by reason of its actual knowledge of Plaintiff's prior use and appropriation of the IFF BOSTON Marks, violated Plaintiff's trademark rights knowingly and willfully.

E.    BIFF, by its activities that have occurred primarily and substantially in Massachusetts, has engaged in unfair and deceptive acts and practices knowingly and willfully in violation of M.G.L. c. 93A.

F.    BIFF, its officers, agents, servants, employees, attorneys, parents, subsidiaries, affiliates and related companies and all persons acting for, with, by, through or under them, and each of them, be temporarily enjoined from, and preliminarily and thereafter permanently enjoined and restrained from:

(i)     using in any manner the marks BOSTON IFF or BOSTONIFF, or any other trade name, trademark, trade dress or service mark that is confusingly similar to the IFF BOSTON Marks, in connection with the sale, offering for sale, distribution, marketing, advertising or promotion of goods or services;

(ii)    using any trademark, trade dress, service mark, name, logo, design or source designation of any kind on or in connection with BIFF's sale, offering for sale, distribution, marketing, advertising or promotion of goods or services that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are sponsored or authorized by Plaintiff, or are in any way connected or related to Plaintiff; and

(iii)   engaging in any other activity constituting an infringement of Plaintiff's trademark rights or otherwise unfairly competing with Plaintiff in any way.

G.   BIFF be directed to add a noticeable disclaimer to all of BIFF's film festival submission forms and the termination date for the disclaimer provided in the Settlement Agreement be extended by at least one year;

H.   BIFF be directed to send and make public, within 30 days of the granting of this Order, curative statements approved in advance by Plaintiff, including a formal retraction by means of a national e-mail campaign and a direct mailing to all of BIFF's customers, and a full-page advertisement in the appropriate

publications, or other corrective action approved by Plaintiff, to ensure that consumers are not further mislead by BIFF's claims.

I.    BIFF be directed to file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of Judgment a report in writing under oath setting forth in detail the manner and form in which BIFF complied with the requirements of the Injunction and Order.

J.    BIFF be required to account for and pay over to Plaintiff all profits realized by BIFF by reason of its unlawful acts alleged herein, in an amount to be proven at trial.

K.    Plaintiff be awarded all damages caused by the acts forming the basis of this Complaint.

L.    Plaintiff be awarded its reasonable attorneys' fees pursuant to the express terms of the Settlement Agreement.

M.    Based on BIFF's knowing and intentional use of the confusingly similar BOSTON IFF Marks, the damages award be trebled and the award of BIFF's profits be enhanced as provided for by 15 U.S.C. § 1117(a).

N.    BIFF be required to pay to Plaintiff all of its costs, disbursements, and reasonable attorneys' fees that Plaintiff have incurred and will incur in this action pursuant to 15 U.S.C. § 1117(a).

O.    Plaintiff be awarded damages in an amount sufficient to cover the damages caused to it by BIFF's unlawful conduct, and that those damages be trebled pursuant to M.G.L. c. 93A.

P.      Based on BIFF's willful and deliberate infringement of the IFF BOSTON Marks, and to deter such conduct in the future, Plaintiff be awarded punitive damages.

Q.      Plaintiff be awarded such other and further relief as the Court may deem appropriate to prevent the infringement, disparagement, or dilution of the IFF BOSTON Marks, and to prevent further and/or additional acts of unfair competition by BIFF.

R.      Plaintiff be awarded prejudgment interest.

S.      Plaintiff be awarded attorneys' fees and costs.

T.      Plaintiff be awarded such other relief as the court deems proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all matters and issues triable by a jury.


Dated: September 27, 2017                    Respectfully submitted,

                                             **INDEPENDENT FILM SOCIETY OF BOSTON, INC.**

                                             By Its Attorneys,


                                             /s/ Lawrence T. Stanley, Jr.
                                             Joshua M. Dalton, BBO #636402
                                             josh.dalton@morganlewis.com
                                             Lawrence T. Stanley, Jr., BBO #657381
                                             lawrence.stanley@morganlewis.com
                                             Sarah K. Paige, BBO #693380
                                             sarah.paige@morganlewis.com
                                             **MORGAN, LEWIS & BOCKIUS LLP**
                                             One Federal Street
                                             Boston, Massachusetts  02110-1726
                                             617-341-7700